IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DANNIE GRAISE                                                                              PLAINTIFF

V.                                                                   CIVIL ACTION NO. 4:16-CV-00154-NBB-RP

CITY OF GREENVILLE, MISSISSIPPI;
THE GREENVILLE POLICE DEPARTMENT;
JOHN COX, FORMER MAYOR OF THE CITY OF
GREENVILLE IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
FREDDIE CANNON, FORMER CHIEF OF POLICE IN HIS
OFFICIAL AND INDIVIDUAL CAPACITIES; AND CURRENT MAYOR
OF THE CITY OF GREENVILLE, NAMELY, ERRICK D. SIMMONS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES                         DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is a motion to dismiss for failure to state a claim filed by all Defendants.[1] Upon due consideration of the motion, response, complaint, and documents attached to the complaint, the court is ready to rule.

### Factual and Procedural Background

The plaintiff, Dannie Graise, began working for the Greenville Police Department in Greenville, Mississippi in September of 1989. Since that time, he has gradually been promoted to various ranks, now holding the position of Captain, or Division Commander.

In April of 2014, the Assistant Chief of Police position became vacant. Although Graise felt he was more qualified and more deserving of the position, another officer, Delando Wilson, received the promotion. In July of 2015, Wilson was appointed as Greenville's Chief of Police, leaving the position of Assistant Chief available yet again. Although Graise renewed his interest in the position, Wilson recommended someone else who the city council ultimately appointed.

---

[1] Defendants filed a Motion to Dismiss or, alternatively, a Motion for Summary Judgment. The court treats the motion as merely one to dismiss because it has not considered anything outside the complaint and documents which the plaintiff attached to his complaint.

Two months later, in September of 2015, Graise applied for a newly-opened Major position, but was denied the promotion.

Before these latter two positions became available, Graise alleges that he suffered injuries to his left leg and wrist while at home. These injuries allegedly required Graise to undergo several surgeries during the months of June through October 2015. Graise asserts, however, that "his injuries never hindered him from performing his duties."

Several months later, Graise filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging age and disability discrimination. Because Graise's charges were not timely filed, the EEOC determined it did not have jurisdiction to investigate Graise's allegations and, accordingly, dismissed the charges.[2]

On June 30, 2016, Graise filed the instant action against Defendants. He alleges violations under 42 U.S.C. § 12101 for claims arising under the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Amendments Act ("ADAA"), as well as violations under 29 U.S.C. § 621 for claims arising under the Age Discrimination in Employment Act ("ADEA"). He further asserts a claim pursuant to 42 U.S.C. § 1983 for ageism and disability discrimination. Defendants have now filed a motion to dismiss for failure to state a claim upon which relief can be granted.

## Standard of Review

A complaint must contain a "short and plaint statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to

---

[2] Graise attached to his complaint this correspondence from the EEOC, thereby making it proper for consideration in addressing the Defendants' Motion to Dismiss.

dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint. *Id.* at 679. Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove her claim should go forward. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000).

To meet her burden, a plaintiff cannot rest merely on "labels or conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must demonstrate that facts pleaded allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. At this stage, the court "must accept as true all of the allegations in complaint," except for those which are mere conclusions. *Ashcroft*, at 678. Moreover, the court views all well-pleaded facts in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Ultimately, a plaintiff's complaint must "nudge his claims . . . across the line from conceivable to plausible." *Id.* at 680 (citing *Twombly*, 550 U.S. at 547).

Analysis

In moving to dismiss, Defendants first argue that Graise's ADA and ADEA claims are procedurally barred. Defendants additionally contend that Graise has failed to state a viable § 1983 claim.

Before initiating an action under either the ADA or ADEA, an employee must file charges with the EEOC within one hundred and eighty (180) days after the alleged unlawful practice. *See McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 228 (5th Cir. 2015); *Taylor v. General Telephone Co. of Southwest*, 759 F.2d 437, 438 (5th Cir. 1985). This requirement operates as a statute of limitations and, consequently, bars any such claims unless

the plaintiff can demonstrate that the application of equitable tolling is justified. *Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 232 (5th Cir. 1999). It is undisputed that Graise's EEOC charges were not timely filed. Accordingly, Graise must establish the applicability of equitable tolling to survive the instant motion to dismiss.

Courts agree that equitable tolling is appropriate only in "rare and exceptional circumstances" when the plaintiff is either "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Lovett v. Barbour Intern., Inc.*, 211 F. App'x 281, at *2 (5th Cir. 2006) (citing *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). Although he fails to allege anywhere in his complaint that equitable tolling should be applied, Graise argues in his response that he was incapacitated for some time and thereby prevented from asserting his rights.

Graise, however, alleges no facts in his complaint demonstrating that he was in any way incapacitated. To the contrary, both in his complaint and again in his response, Graise contends that his alleged injuries "never hindered him from performing his duties." Moreover, the facts alleged demonstrate that Graise was at all times aware of the open positions, as he applied for and expressed interest in them.

For these reasons, the court finds that Graise has failed to meet his burden in sufficiently pleading facts showing that Defendants actively misled him or that he was otherwise prevented in some way from filing charges with the EEOC within the prescribed time period. Accordingly, the court agrees with Defendants that Graise's ADA and ADEA claims are procedurally barred and must be dismissed.

Defendants additionally argue that Graise's § 1983 claim for ageism and disability discrimination must be dismissed. It is well-settled in the Fifth Circuit that plaintiffs cannot
4

pursue claims for age or disability discrimination under §1983. *See Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999); *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 457 (5th Cir. 2010). Graise now contends that he never asserted a § 1983 claim in his complaint. The court finds this contention erroneous. Graise clearly asserted "Count III- Discrimination in violation of 42 U.S.C. 1983" and within that count alleged that his rights "were violated due to ageism and disability discrimination." Graise further identified §1983 three times in his prayer for relief.

Although it appears that Graise has now abandoned his §1983 claim, the court finds that it would nonetheless be subject to dismissal if it were still being pursued. Based on the aforementioned precedent, the court agrees with Defendants and finds that Graise has failed to state a valid claim pursuant to §1983. Accordingly, this claim must also be dismissed.

Graise additionally alleges a substantive due process claim. The plaintiff, however, asserts this claim for the first time in response to the defendants' motion to dismiss. Consequently, this claim is not properly before this court and is, therefore, procedurally barred. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108 (5th Cir. 2005).

Moreover, even if the aforementioned claim were properly before the court, it would fail on the merits. Graise now argues that Defendants arbitrarily or capriciously deprived him of a constitutionally protected property interest, namely the promotions at issue. A public employee has a property interest in a job only "if [he] has a legitimate claim of entitlement to it." *Johnson v. Southwest Mississippi Regional Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989). Whether a legitimate claim of entitlement exists is determined by looking to state law. *Id.*

In Mississippi, at-will employees, like Graise, have no valid claim of entitlement in employment. *Levens v. Campbell*, 733 So. 2d 753, 763 (Miss. 1999). Moreover, an employee

does not have "any sort of property interest in a job [he] has never held." *Lollar v. Baker*, 196 F.3d 603, 608 (5th Cir. 1999) (applying Mississippi law). Accordingly, Graise has failed to demonstrate the existence of any protected property interest. For this reason, the court finds that Graise has failed to state a substantive due process claim.

## Conclusion

Based on the foregoing discussion, the court finds that Defendants' motion to dismiss for failure to state a claim is well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 2nd day of May, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**